# APRIL TERM, 1845.

## MR. CHIEF JUSTICE BRONSON, PRESIDING.

GERRIT SMITH VS. PELEG CASWELL AND ISAAC I. FORBES.

CHARLES STROUD, SUPERVISOR OF THE TOWN OF LENOX VS. CHRISTIAN HARP, SIMON HARP AND ISAAC I. FORBES.

A purchaser of a sheriff's certificate, made on a sale of lands, under a judgment which was satisfied by such sale, can not afterwards obtain surplus moneys in the sheriff's hands, which have arisen on the sale of the same land on an older judgment, or have the same applied to the judgment under which he holds his certificate.

*Motion made at March special term by Daniel B. Moot for an order that the sheriff of the county of Madison, pay over to Daniel B. Moot such surplus moneys as were received by him, arising out of the sale of the real estate of Isaac I. Forbes, &c.*—Judgment was recovered in the first cause above in the supreme court on the 13th December, 1842, and which was duly docketed in the county clerk's office, (Madison county) *on the 30th of said December;* the amount being $685·08. A fi. fa. was issued on this judgment, and on 14th November, 1844, a piece of land, the property of the defendant Forbes, was sold by the sheriff of Madison county, which was purchased by said Smith, the plaintiff, at $818·26, the amount of said judgment with costs, &c. The usual certificate was made by the sheriff, &c., and the execution was returned satisfied. On the 15th January, 1845, Daniel B. Moot purchased said certificate of Smith, and took an assignment thereof from him, and which he still holds and owns. The judgment in the second cause above was junior to the judgment lien of the first judgment, but it was recovered on a collector's bond of the town of Lenox, the amount of damages and costs in said suit was $1112·67 at the rendition of said judgment: said judgment was docketed in Madison county the 25th November, 1844, but the bond on which it

had been rendered was filed in the office of the clerk of said county, the 12th *day of December*, 1842. 1 *Rev. Stat.*, 339, § 29. On the 30th January, 1845, said land was sold on a fi. fa. issued on this judgment, and purchased by said Moot at $1600. This sum was about $436 above the amount required to satisfy the judgment last aforesaid, and Moot claimed he was entitled to retain and apply said balance on the certificate aforesaid, then owned by him ; this the sheriff refused and Moot paid the whole amount of his bid, and the sheriff gave him a certificate of sale

The following other judgments have been rendered against Forbes, and executions thereon issued to the sheriff of Madison :

JAMES CROUSE vs. ISAAC I. FORBES AND SILAS SAYLES.

August 6th, 1844, judgment $86·66. September 11, 1844, fi. fa. received by sheriff.

DUANE BROWN vs. ISAAC I. FORBES, JASPER NEAR AND SILAS SAYLES

August 23, 1844, judgment $403·40. January 14, 1845, fi. fa. received by sheriff.

ISAAC BARTLETT vs. SAME.

September 28th, 1844, judgment $278·33. January 31, 1845, fi. fa. received by sheriff.

Moot now moves to compel the sheriff to pay the balance of said $1600, after satisfying Stroud's judgment, to him.

D. B. NOXEN, *Counsel for mo.*

NOXEN, LEAVENWORTH & COMSTOCK, *Attys for mo.*

A. TABER *Counsel opposed.*

D. BROWN, *Atty in opposition.*

BEARDSLEY, Justice.—By the sale of Forbes' land and its purchase by Smith, the judgment in favor of the latter was satisfied. That sale has not been set aside, but stands in full force; the judgment must therefore still be regarded as extinguished. Smith acquired by that sale all the interest of Forbes in the land, subject to prior liens. Moot has taken the place of Smith as such purchaser, and has acquired all the right which Smith had. The land has now been sold under a judgment lien prior to

that in favor of Smith, and Moot became the purchaser at this sale. After satisfying the execution on which this sale was made, several hundred dollars of the sum bid by Moot remain in the sheriff's hands, and Moot now asks to have this surplus paid to him towards satisfying the certificate he holds, or the judgment in favor of Smith upon which the land was first sold. This can not be done: the Smith judgment was extinguished by a sale of Forbes' interest in the land, and there is no principle upon which a cent of this money can now be applied on it. Moot chose to purchase of Smith, what Smith took in satisfaction of his judgment, and he is entitled to all the right thus acquired. What it may amount to, the court can not say; but be it more or less, it lays no foundation for such an application as this. The statute authorizing lands to be redeemed from sale on execution, has no application to this question.

The motion must be denied with costs. Rule accordingly.